UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

COURT FILE NO.: _____

| | |
|---|---|
| LAUNCELOT SAMUEL, <br><br> Plaintiff, <br><br> vs. <br><br> **City of Charlack**; <br> Serve:    Mayor or City Administrator <br>            Charlack City Hall <br>            8401 Midland Blvd. <br>            St. Louis, MO 63114. <br><br> **Police Officer Louis Calbreath** <br> Serve:    Charlack Police Department <br>            8401 Midland Blvd. <br>            St. Louis, MO 63114. <br><br> **City of Pine Lawn**; <br> Serve:    Mayor or City Administrator <br>            Pine Lawn City Hall <br>            6250 Steve Marre Avenue <br>            St. Louis, MO 63121. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

**Police Officer Brandon Lange**

Serve: Pine Lawn Police Department
6250 Steve Marre Avenue
St. Louis, MO 63121.

**Police Officer Henry Trautwein**

Serve: Pine Lawn Police Department
6250 Steve Marre Avenue
St. Louis, MO 63121.

DEFENDANTS.

# COMPLAINT
## COUNT I
### COGNIZABLE UNDER 42 USC § 1983 AND THE FOURTH AND THE FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTUION

COMES NOW Plaintiff, by and though his attorney, Greg S. Kessler, and for Count I of his Complaint, states to the Court as follows:

1. Plaintiff is a natural person and at all times herein concerned was a resident of the City of Bridgeton, St. Louis County, State of Missouri.

2. Charlack, Missouri is a municipal corporation organized and existing pursuant to the laws of the State of Missouri. On information and belief, Plaintiff states that Charlack, Missouri has purchased insurance thereby waiving any

sovereign immunity the City of Charlack may claim applies to ancillary state law claims raised herein.

3. Pine Lawn, Missouri is a municipal corporation organized and existing pursuant to the laws of the State of Missouri. On information and belief, Plaintiff states that Pine Lawn, Missouri has purchased insurance thereby waiving any sovereign immunity the City of Pine Lawn may claim applies to ancillary state law claims raised herein.

4. At all times herein concerned, Defendant Louis Calbreath (hereinafter "Calbreath") was a law enforcement officer employed by Defendant City of Charlack, Missouri.

5. At all times herein concerned, Defendant Brandon Lange (hereinafter "Lange") was a law enforcement officer employed by Defendant City of Pine Lawn, Missouri.

6. At all times herein concerned, Defendant Henry Trautwein (hereinafter "Trautwein") was a law enforcement officer employed by Defendant City of Pine Lawn, Missouri.

7. Plaintiff brings this cause of action against Defendants, Louis Calbreath, Brandon Lange and Henry Trautwein in both their official and individual capacities.

## JURISDICTION AND VENUE

8. Plaintiff brings this action pursuant to 42 U.S.C § 1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

9. The Court has jurisdiction pursuant to 28 U.S.C § 1343 and 28 U.S.C §1331. Furthermore, this Court has jurisdiction under 28 U.S.C § 1367 to hear Plaintiff's state law claims of assault and battery in that all claims made herein are so related to each other that they form part of the same case or controversy under Article III of the United States Constitution

10. All events complained of herein occurred in the Eastern District of the Eastern Federal District Court in the State of Missouri. In addition, Defendants have sufficient minimum contacts with the Eastern Federal District Court and the State of Missouri

11. At all relevant times, Defendants, Louis Calbreath, Brandon Lange and Henry Trautwein acted under the color of the laws, statutes, ordinances, regulations, customs and usages of the State of Missouri, and its political subdivisions

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

12. On or about May 18, 2012, Plaintiff was a passenger in a vehicle parked on the parking lot of a 7-11 convenience store in the City of BelRidge, State of Missouri.

4

COMPLAINT

13. At or about 2:15 a.m., Jason Powell, a member of the Charlack Police Department approached the vehicle in which Plaintiff was a passenger in the 8200 block of St. Charles Rock Road in the City of Bel Ridge.

14. Defendant Calbreath, Lange and Trautwein, together with other officers from Bel-Nor, St. John, Breckenridge Hills, St. Louis County and possibly other local jurisdictions responded to the officer's radio call for assistance and backup, as a subject had exited the vehicle.

15. Upon arrival at the scene, Officer Powell reported that the subject had fled in the direction of a Children's Home and the Plaza Rock Apartments. The officers commenced to search the area on foot.

16. At approximately 2:25 a.m., the subject was seen running back in the direction of Lackland Plaza, while Defendants Calbreath, Lange and Trautwein proceeded with other officers to apprehend the subject and to form a perimeter near the parking lot of the apartments and the wooded area.

17. At approximately 2:28 a.m., the group of officers, including Defendants Calbreath, Lange and Trautwein took the subject, the Plaintiff herein, into custody behind Lackland Plaza on the parking lot of the apartments. They immediately dragged him across the street handcuffed him, threw him down on the ground and began questioning him, harassing him, taunting him and physically assaulting him by kicking him in the face and head area.

18. At the same time, other officers secured the other two occupants of the original vehicle on the 7-11 parking lot.

19. By this time, approximately 4 other officers along with Defendants Calbreath, Lange and Trautwein had appeared at the scene. Plaintiff was handcuffed and while physically restrained and offering no resistance, Defendants Calbreath, Lange and Trautwein began kicking Plaintiff in the face and head. Defendants witnessed Plaintiff spit something from his mouth, and were able to clearly observe that Plaintiff's face was bloodied and several of his teeth were missing as a result of Defendants kicking Plaintiff's face.

20. While the named Defendant officers stood over the Plaintiff administering the punishment the other officers stood and watched the beating and then soon left the scene.

21. The actions of Defendants, Calbreath, Lange and Trautwein, caused Plaintiff to suffer multiple dental fractures, facial abrasions, bruises to the neck, back, arms and legs, as well as other signs of pain and suffering.

22. The actions of Defendants, Calbreath, Lange and Trautwein, caused serious and permanent bodily injury, emotional distress, pain and suffering to Plaintiff.

23. The actions of Defendants, Calbreath, Lange and Trautwein, caused substantial, continuing, and permanent economic damages to Plaintiff in that he

has incurred and will continue to incur costs for medical, dental, and psychological treatment.

24. Additionally, the actions caused by Defendants, Calbreath, Lange and Trautwein, and others complained of herein have caused Plaintiff to suffer humiliation, mental suffering, indignity, disgrace, stress and fear.

25. All damages suffered by Plaintiff are the direct and proximate result of the actions complained of against Defendants Calbreath, Lange and Trautwein.

26. The actions of Defendants Calbreath, Lange and Trautwein were an exercise of excessive and unnecessary physical force against Plaintiff.

27. The substantive due process right to be free from such excessive force is clearly established. All of the acts of Defendants Calbreath, Lange and Trautwein in kicking Plaintiff in the face after subduing Plaintiff were in excess of that amount of force required.

28. The actions of Defendants Calbreath, Lange and Trautwein violated Plaintiff's substantive due process right to bodily integrity and to be free from physical abuse by State Actors.

29. At the time of the use of excess of force, Plaintiff:

   a. had not committed any crime;

   b. presented no threat to the safety of the officers or others;

   c. was not actively resisting arrest, and

d. was not attempting to evade arrest by flight.

30. Defendants Calbreath, Lange and Trautwein used greater force than was necessary in light of the facts and circumstances confronting them.

31. Defendants Calbreath, Lange and Trautwein acted in a manner that was objectively unreasonable.

32. A reasonable officer, without the benefit of 20/20 hindsight, would have not used such force under similar circumstances.

33. The actions of Defendants Calbreath, Lange and Trautwein violated Plaintiff's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, particularly, his rights :

a. to be secure in his person from unreasonable seizures of his person;

b. to be safe from unreasonable force; and

c. to be safe from the use of excessive force.

34. Pursuant to U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendants Calbreath, Lange and Trautwein in their individual capacities

35. The complained actions of Defendants Calbreath, Lange and Trautwein were:

a. Reckless;

b. Showed callous indifference toward the rights of Plaintiff, and

COMPLAINT

c. Conducted in the face of a perceived risk that they would violate Federal Law.

36. Plaintiff is also entitled to an award of punitive damages against Defendants Calbreath, Lange and Trautwein, in their individual capacities, in order to punish them and to deter others similarly situated from such conduct in the future.

37. 42 U.S.C § 1988 provides that if Plaintiff is the prevailing party in this litigation he will be entitled to receive an award of reasonable attorney's fees, not-taxable expenses, and for costs from Defendants Calbreath, Lange and Trautwein.

38. Plaintiff was never charged with any crime or violation after his ruthless beating, but was released, placed in an ambulance and allowed to be taken to the nearest emergency room for treatment of his injuries.

**WHEREFORE**, Plaintiff prays for judgment in his favor on Count I and against Defendants Calbreath, Lange and Trautwein, in their individual capacities, for compensatory damages in a fair and reasonable amount for his damages herein incurred; for punitive damages in an amount to punish Defendants Calbreath, Lange and Trautwein, and deter them and others similarly situated, from such actions in the future; for his reasonable attorneys fee, non-taxable expenses, for

costs, and for such other and further relief which to the Court shall seem just and proper under the circumstances.

## COUNT II

### Violation of Civil Rights, 42 U.S.C. § 1983 and

### Fourth and Fourteenth Amendments

### Plaintiff Against City of Charlack, Missouri and Pine Lawn, Missouri

### Compensatory Damages, Attorney's Fees and Costs

39. Plaintiff incorporates all allegations of all prior paragraphs and restates the same by reference as if set forth herein in their entirety.

**1st Alternative Basis of Municipal Liability – Failure to Train, Supervise, Control**

40. As his first alternate basis for liability against Defendants, City of Charlack and City of Pine Lawn, Plaintiff states that Defendant, City of Charlack, Missouri and City of Pine Lawn, Missouri failed to train, supervise, control and/or discipline Defendant officers. Defendants City of Charlack, and City of Pine Lawn were thus deliberately indifferent to the rights of others in adopting training practices, and in failing to supervise, control and or discipline the Defendant officers, such that those failures reflects a deliberate or conscious choice by Defendants, City of Charlack and City of Pine Lawn.

41. Those deficiencies caused or otherwise contributed to Plaintiff's damages.

42. If Defendants, City of Charlack and City of Pine Lawn, had properly trained, supervised, controlled and/or disciplined the Defendant officers, the constitutional violations committed by the Defendant officers would not have occurred.

43. These failures by Defendants, City of Charlack and City of Pine Lawn to train, supervise, control and/or discipline Defendant police officers, subject Defendants, City of Charlack and City of Pine Lawn to liability for the constitutional violations committed by the Defendant police officers.

## 2nd Alternative Basis of Municipal Liability – Pattern of Transgressions

44. As the second alternative basis of liability against Defendants, City of Charlack and City of Pine Lawn, the acts and actions of the Defendant police officers were part of a pattern of transgressions of which Defendant, City of Charlack, and City of Pine Lawn, knew or reasonably should have known. The failure of Defendants, City of Charlack and City of Pine Lawn, to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendants, City of Chalack and City of Pine Lawn, to condone or otherwise tolerate such constitutional violations.

45. Defendants, City of Charlack and City of Pine Lawn, thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so "persistent and pervasive" as to have the effect and force of law.

46. Defendants, City of Charlack's and City of Pine Lawn's failures outlined herein amounted to deliberate indifferences to the rights of persons with whom Defendant police officers came into contact with, particularly including Plaintiff.

47. Those failures by Defendants, City of Charlack and City of Pine Lawn, to proactively prevent these constitutional violations subjects Defendants, City of Charlack and City of Pine Lawn, to liability for the constitutional violations committed by the Defendant police officers.

**Compensatory Damages**

48. Pursuant to 42 U.S.C § 1983 Plaintiff is entitled to an award of compensatory damages against Defendants, City of Charlack, Missouri and City of Pine Lawn, Missouri.

**Attorney's Fees**

49 Pursuant to 42 U.S.C § 1988 if Plaintiff is the prevailing party in this litigation then he will be entitled to receive an award from Defendants, City of

Charlack and City of Pine Lawn, of his reasonable attorney's fees, non-taxable expenses, and costs.

### Prayer

**WHEREFORE**, Plaintiff prays for judgment in his favor on Count II and against Defendants, City of Charlack and City of Pine Lawn, for compensatory damages in such sum as shall fairly and justly compensate him; for his reasonable attorney's fees and non-taxable expenses; for costs; and for such other and further relief which the Court finds to be just and reasonable.

### COUNT III

### Violation of Civil Rights, 42 U.S.C. § 1983, *Respondeat Superior*

### Plaintiff Against City of Charlack and City of Pine Lawn

### Compensatory Damages and Attorney's Fees

50. Plaintiff incorporates all allegations of all prior paragraphs and restates the same by reference as if set forth herein in their entirety.

51. At all relevant times herein, Defendant police officers Calbreath, Lange and Trautwein were:

   a. Serving as employees of Defendants, City of Charlack and City of Pine Lawn as police officers;

   b. Engaging in a governmental function; and

   c. Acting within the scope and course of their employment.

52. Defendants, City of Charlack and City of Pine Lawn, are liable under a theory of respondeat superior.

53. The actions of Defendant police officers Calbreath, Lange and Trautwein caused Plaintiff to suffer the damages outlined herein.

### Compensatory Damages

54. Pursuant to 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendants, City of Charlack and City of Pine Lawn.

### Attorney's Fees

55. Pursuant to 42 U.C.S § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award from Defendants, City of Charlack and City of Pine Lawn, of his reasonable attorney's fees, non-taxable expenses, and costs.

### Prayer

**WHEREFORE**, Plaintiff prays for judgment in his favor on Count III pursuant to 42 U.S.C 1983 and 1988 against Defendants, City of Charlack and City of Pine Lawn, for compensatory damages in such sum as shall fairly and justly compensate Plaintiff; for his reasonable attorney's fees and non-taxable expenses; for costs and for other and further relief which to this Court shall seem just and proper under the circumstances.

# SUPPLEMENTAL STATE CLAIMS

## Count IV

### Assault and Battery

### For Compensatory Damages and Punitive Damages

### Plaintiff against Defendant Police Officers, and

### Compensatory Damages against Defendants

### City of Charlack and City of Pine Lawn

56. Plaintiff incorporates all allegations of all prior paragraphs and restates the same by reference as if set forth herein in their entirety.

57. Defendant police officers Calbreath, Lange and Trautwein, acting in concert with each other in kicking Plaintiff in the face while handcuffed and subdued while using excessive force, constitutes an assault and battery.

58. All those actions taken by Defendant police officers were unlawful and unjustified.

59. Defendant police officers had the present ability to injure Plaintiff and to complete the assault.

60. Plaintiff sustained damages as a result of the assault and battery.

61. Plaintiff is entitled to compensatory and punitive damages for assault and battery against Defendant police officers Calbreath, Lange and Trautwein.

62. At the time of the assault and battery of Plaintiff, Defendant police officers were acting (albeit improperly) to benefit their employers' policing functions.

63. The actions of Defendant police officers, were therefore within the scope and course of their employment.

64. Defendants, City of Charlack and City of Pine Lawn, are therefore liable under a theory of respondeat superior.

## **Prayer**

**WHEREFORE**, Plaintiff prays for judgment in his favor on Count IV of his complaint for assault and battery against Defendant police officers Calbreath, Lange and Trautwein in their individual capacity, for compensatory damages in such amount as shall fairly and justly compensate Plaintiff for his damages; for punitive damages against Defendant police officers, in such amount as shall serve to punish him and deter others similarly situated from such conduct in the future, and for costs; and prays for judgment for compensatory damages for assault and battery against Defendants, City of Charlack and City of Pine Lawn, under a theory of respondeat superior in such amount as shall fairly and justly compensate him for his damages; and for such other and further relief which shall seem just and proper to the Court.

Dated:      **Frankel, Rubin, Bond, Dubin, Sieges & Klein, PC**

By: /s/ Greg S. Kessler

Greg S. Kessler
MBE # 23366 MO
231 South Bemiston, Suite 1111
St. Louis, MO 63105
Telephone: 314- 725-8000
Facsimile: 314-726-5837
E-mail: GSK47@aol.com