# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MISSOURI

### EASTERN DIVISION

COURT FILE NO.: Cause No:  4:12-CV-01154-RWS

| | |
|---|---|
| LAUNCELOT SAMUEL,<br><br>       PLAINTIFF,<br><br><br>   VS.<br><br><br>**City of Charlack;**<br><br><br> **Police Officer Louis Calbreath;**<br><br><br>**City of  St. Ann;**<br>Serve:    Hold for entry<br><br><br>**Police  Officer Jeffrey Hacker;**<br>Serve:    Hold for entry<br><br><br>**City of Breckenridge Hills;**<br>Serve:    Hold for entry.<br><br><br>**Police Officer Matthew Tyler;**<br>Serve:    Hold for entry<br><br><br>       DEFENDANTS. | **<u>FIRST AMENDED<br>COMPLAINT</u>**<br><br><br><br><u>JURY TRIAL DEMANDED</u> |

1

COMES NOW Plaintiff, by and though his attorney, Greg S. Kessler, and for Count I of his First Amended Complaint, states to the Court as follows:

## FIRST AMENDED COMPLAINT
## PRELIMINARY STATEMENT

1.      This is a civil rights actions brought against two municipalities located in St. Louis County, Missouri and their respective police officers pursuant to 42 U.S.C § 1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff is seeing compensatory and punitive damages for the May 18, 2012 beating inflicted upon him in the parking lot of the Plaza Rock Apartment complex located on the city limits of Bel Nor and Charlack, Missouri. Plaintiff is also requesting injunctive relief, seeking an order to end the pattern and practice of physical abuse perpetrated by police officers employed by communities in North St. Louis County, Missouri.

2.      On May 18, 2012, Plaintiff was assaulted on the parking lot of the Plaza Rock Apartments by Defendant Officers Louis Calbreath, Jeffery Hacker and Matthew Tyler.  Officers from other North County Communities witnessed the assault and perhaps participated in the assault.  At the time of the assault, Plaintiff was handcuffed and not capable of resistance.

3.      While handcuffed, Plaintiff was thrown to the ground and kicked in the face by police officers wearing steel-toed boots, causing Plaintiff to suffer

2

dental injuries and lose three front teeth, and to subsequently suffer from post traumatic stress disorder (PTSD).  Plaintiff's injuries required emergency medical care, dental extractions, extensive counseling and will require extensive dental restoration.

4.     Despite the injuries, Plaintiff was never charged with any crime as a result of his encounter with police officers on May 18, 2012.

5.     While Officers Calbreath, Hacker and Tyler are primarily responsible for the assault upon Plaintiff, other officers who responded to the call and witnessed the assault failed to take reasonable steps to protect Plaintiff from the assault, and their actions directed, incited and explicitly encouraged the unconstitutional acts perpetrated against Plaintiff.

## COUNT I
## COGNIZABLE UNDER 42 USC § 1983 AND
## THE FOURTH AND THE  FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTUION

6.     Plaintiff is a natural person and at all times herein concerned was a resident of the City of Bridgeton, St. Louis County, State of Missouri.

7.     Charlack, Missouri is a municipal corporation organized and existing pursuant to the laws of the State of Missouri.  On information and belief, Plaintiff states that Charlack, Missouri has purchased insurance thereby waiving any

3

sovereign immunity the City of Charlack may claim applies to ancillary state law claims raised herein.

8.   St. Ann, Missouri is a municipal corporation organized and existing pursuant to the laws of the State of Missouri.  On information and belief, Plaintiff states that St. Ann, Missouri has purchased insurance thereby waiving any sovereign immunity the City of St. Ann may claim applies to ancillary state law claims raised herein.

9.   Breckenridge Hills, Missouri is a municipal corporation organized and existing pursuant to the laws of the State of Missouri.  On information and belief, Plaintiff states that Breckenridge Hills, Missouri has purchased insurance thereby waiving any sovereign immunity the City of Breckenridge Hills may claim applies to ancillary state law claims raised herein.

10.   At all times herein concerned, Defendant Louis Calbreath (hereinafter "Calbreath") was a  law enforcement officer employed by Defendant City of Charlack, Missouri.

11.   At all times herein concerned, Defendant Jeffrey Hacker (hereinafter "Hacker") was a law enforcement officer employed by Defendant City of St. Ann, Missouri.

FIRST AMENDED COMPLAINT

12.    At all times herein concerned, Defendant Matthew Tyler (hereinafter "Tyler") was a law enforcement officer employed by Defendant City of Breckenridge Hills, Missouri.

13.    Plaintiff brings this cause of action against Defendants, Louis Calbreath, Jeffrey Hacker and Matthew Tyler in both their official and individual capacities.

## JURISDICTION AND VENUE

14.    Plaintiff brings this action pursuant to 42 U.S.C § 1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

15.    The Court has jurisdiction pursuant to 28 U.S.C § 1343 and 28 U.S.C §1331.  Furthermore, this Court has jurisdiction under 28 U.S.C § 1367 to hear Plaintiff's state law claims of assault and battery in that all claims made herein are so related to each other that they form part of the same case or controversy under Article III of the United States Constitution

16.    All events complained of herein occurred in the Eastern District of the Eastern Federal District Court in the State of Missouri.  In addition, Defendants have sufficient minimum contacts with the Eastern Federal District Court and the State of Missouri

17.     At all relevant times, Defendants, Louis Calbreath, Jeffrey Hacker and Matthew Tyler acted under the color of the laws, statutes, ordinances, regulations, customs and usages of the State of Missouri, and its political subdivisions

## **GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

18.     On or about May 18, 2012, Plaintiff was a passenger in a vehicle parked on the parking lot of a 7-11 convenience store in the **City of BelRidge**, State of Missouri.

19.     At or about 2:15 a.m., Jason Powell, a member of the Charlack Police Department  approached the  vehicle in which Plaintiff was a passenger in the 8200 block of St. Charles Rock Road in the City of Bel Ridge.

20.     Defendants Hacker and Tyler, together with other officers from Charlack, Bel-Nor, St. John, St. Louis County and possibly other local jurisdictions responded to the officer's radio call for assistance and backup, as a subject had exited the vehicle.

21.     Upon arrival at the scene, Officer Powell reported that the subject had fled in the direction of a Children's Home and the Plaza Rock Apartments.  The officers commenced to search the area on foot.

22.     Defendants Hacker and Tyler were the first officers to come into contact with Plaintiff.

6

FIRST AMENDED COMPLAINT

23.    According to a report filed by Defendant Tyler, Defendant Hacker was seen at the scene with the Plaintiff, who was bleeding, but stated "I was never here" and departed.

24.    According to a report filed by Defendant Tyler, Defendant Tyler placed handcuffs on the Plaintiff and called for an ambulance.

25.    At approximately 2:25 a.m., the subject was seen running back in the direction of Lackland Plaza, while Defendant officers, proceeded with other officers to apprehend the subject and to form a perimeter near the parking lot of the apartments and the wooded area.

26.    At approximately 2:28 a.m., the group of officers, including Defendants Hacker and Tyler, took the subject, the Plaintiff herein, into custody behind Lackland Plaza on the parking lot of the apartments.  The officers immediately dragged him across the street handcuffed him, threw him down on the ground and began questioning him, harassing him, taunting him and physically assaulting him by kneeling on him and kicking him in face and head and back areas.

27.    At the same time, other officers secured the other two occupants of the original vehicle on the 7-11 parking lot.

28.    By this time, numerous officers from neighboring communities along with Defendants Calbreath, Hacker and Tyler, had appeared at the scene.  Plaintiff

FIRST AMENDED COMPLAINT

was handcuffed and while physically restrained and offering no resistance, Defendants Hacker and Tyler began kicking Plaintiff in the face and head. Defendants witnessed Plaintiff spit something from his mouth, and were able to clearly observe that Plaintiff's face was bloodied and several of his teeth were missing as a result of Defendants kicking and beating Plaintiff's face.

29.     While the named Defendant officers stood over the Plaintiff administering the punishment other officers stood and watched the beating and then soon left the scene.

30.     The actions of Defendants Hacker and Tyler caused Plaintiff to suffer multiple dental fractures, facial abrasions, bruises to the neck, back, arms and legs, as well as other signs of pain and suffering.

31.     The actions of Defendants Hacker and Tyler caused serious and permanent bodily injury, emotional distress, pain and suffering to Plaintiff.

32.     The actions of Defendants Hacker and Tyler caused substantial, continuing, and permanent economic damages to Plaintiff in that he has incurred and will continue to incur costs for medical, dental, and psychological treatment.

33.     Additionally, the actions caused by Defendants Calbreath, Hacker and Tyler and others complained of herein have caused Plaintiff to suffer humiliation, mental suffering, indignity, disgrace, stress and fear.

34.    All damages suffered by Plaintiff are the direct and proximate result of the actions complained of against Defendants Calbreath, Hacker and Tyler.

35.    The actions of Defendants Calbreath, Hacker and Tyler were an exercise of excessive and unnecessary physical force and indifferent disregard against Plaintiff and his Constitutional rights.

36.    The substantive due process right to be free from such excessive force is clearly established.  All of the acts of Defendants Calbreath, Hacker and Tyler in kicking Plaintiff in the face and brutalizing him after subduing Plaintiff were in excess of that reasonable amount of force required.

37.    The actions of Defendants Calbreath, Hacker and Tyler violated Plaintiff's substantive due process right to bodily integrity and to be free from physical abuse by State Actors.

38.    At the time of the use of excess of force, Plaintiff:

    a.    had not committed any crime;

    b.    presented no threat to the safety of the officers or others;

    c.    was not actively resisting arrest, and

    d.    was not attempting to evade arrest by flight.

37.    Defendants Calbreath, Hacker and Tyler used greater force than was necessary in light of the facts and circumstances confronting them.

FIRST AMENDED COMPLAINT

38.     Defendants Calbreath, Hacker and Tyler acted in a manner that was objectively unreasonable.

39.     A reasonable officer, without the benefit of 20/20 hindsight, would have not used such force under similar circumstances.

40.     The actions of Defendants Calbreath, Hacker and Tyler violated Plaintiff's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C.  § 1983, particularly, his rights:

a.     to be secure in his person from unreasonable seizures of his person;

b.     to be safe from unreasonable force; and

c.     to be safe from the use of excessive force.

41.     Pursuant to U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendants Calbreath, Hacker and Tyler in their individual capacities

42.     The complained actions of Defendants Calbreath, Hacker and Tyler were:

a.     Reckless;

b.     Showed callous indifference toward the rights of Plaintiff, and

c.     Conducted in the face of a perceived risk that they would violate Federal Law.

FIRST AMENDED COMPLAINT

43.    Plaintiff is also entitled to an award of punitive damages against Defendants Calbreath, Hacker and Tyler in their individual capacities, in order to punish them and to deter others similarly situated from such conduct in the future.

44.    42 U.S.C § 1988 provides that if Plaintiff is the prevailing party in this litigation he will be entitled to receive an award of reasonable attorney's fees, not-taxable expenses, and for costs from Defendants Calbreath, Hacker and Tyler.

45.    Plaintiff was never charged with any crime or violation after his ruthless beating, but was released, placed in an ambulance and allowed to be taken to the nearest emergency room for treatment of his injuries.

**WHEREFORE**, Plaintiff prays for judgment in his favor on Count I and against Defendants Calbreath, Hacker and Tyler, in their individual capacities, for compensatory damages in a fair and reasonable amount for his damages herein incurred; for punitive damages in an amount to punish Defendants Calbreath, Hacker and  Tyler, and deter them and others similarly situated, from such actions in the future; for his reasonable attorneys fee, non-taxable expenses, for costs, and for such other and further relief which to the Court shall seem just and proper under the circumstances.

## COUNT II

## Violation of Civil Rights, 42 U.S.C. § 1983 and

## Fourth and Fourteenth Amendments

FIRST AMENDED COMPLAINT

**<u>Plaintiff Against  City of Charlank, City of St. Ann, Missouri and City</u>**

**<u>of Breckenridge Hills, Missouri</u>**

**<u>Compensatory Damages, Attorney's Fees and Costs</u>**

46.     Plaintiff incorporates all allegations of all prior paragraphs and restates the same by reference as if set forth herein in their entirety.

**1st Alternative Basis of Municipal Liability – Failure to Train, Supervise, Control**

47.     As his first alternate basis for liability against Defendants, City of Charlack, City of City of St. Ann, and City of Breckenridge Hills, Plaintiff states that Defendants, City of Charlack, City of St. Ann, Missouri and City of Breckenridge Hills, Missouri, failed to train, supervise, control and/or discipline Defendant officers.  Defendants City of Charlack, City of St. Ann, and City of Breckenridge Hills were thus deliberately indifferent to the rights of others in adopting training practices, and in failing to supervise, control and or discipline the Defendant officers, such that those failures reflects a deliberate or conscious choice by Defendants, City of Chalack, City of St. Ann and City of Breckenridge Hills.

48.     Those deficiencies caused or otherwise contributed to Plaintiff's damages.

49.     If Defendants, City of Charlack, City of St. Ann and City of Breckenridge Hills, had properly trained, supervised, controlled and/or disciplined

FIRST AMENDED COMPLAINT

the Defendant officers, the constitutional violations committed by the Defendant

officers would not have occurred.

50.     These failures by Defendants, City of Charlack, City of St. Ann and

City of Breckenridge Hills to train, supervise, control and/or discipline Defendant

police officers, subject Defendants, City of Charlack, City of St. Ann and City of

Breckenridge Hills to liability for the constitutional violations committed by the

Defendant police officers.

**2nd Alternative Basis of Municipal Liability – Pattern of Transgressions**

51.     As the second alternative basis of liability against Defendants, City of

Charlack, City of St. Ann and City of Breckenridge Hills, the acts and actions of

the Defendant police officers were part of a pattern of transgressions of which

Defendant, City of Charlack, City of St. Ann and City of Breckenridge Hills, knew

or reasonably should have known.  The failure of Defendants, City of Charlack,

City of St. Ann and City of Breckenridge Hills, to act proactively to prevent such a

pattern of transgressions, and particularly to prevent the constitutional violations

outlined herein, establishes the policy of Defendants, City of Charlack, City of St.

Ann and City of Breckenridge Hills, to condone or otherwise tolerate such

constitutional violations.

52.     Defendants, City of Charlack, City of St. Ann and City of

Breckenridge Hills, thus had a "policy or custom" of failing to act upon prior

FIRST AMENDED COMPLAINT

similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue. There was a prior pattern of unconstitutional conduct so "persistent and pervasive" as to have the effect and force of law.

53.     Defendants, City of Charlack, City of St. Ann and City of Breckenridge Hills 's failures outlined herein amounted to deliberate indifferences to the rights of persons with whom Defendant police officers came into contact with, particularly including Plaintiff.

54.     Those failures by Defendants, City of Charlack, City of St. Ann and City of Breckenridge Hills, to proactively prevent these constitutional violations subjects Defendants, City of Charlack, City of St. Ann and City of Breckenridge Hills, to liability for the constitutional violations committed by the Defendant police officers.

## Compensatory Damages

55.     Pursuant to 42 U.S.C § 1983 Plaintiff is entitled to an award of compensatory damages against Defendants, City of Charlack, City of St. Ann, Missouri and City of Breckenridge Hills, Missouri.

## Attorney's Fees

56.     Pursuant to 42 U.S.C § 1988 if Plaintiff is the prevailing party in this litigation then he will be entitled to receive an award from Defendants, City of

Charlack, City of St. Ann and City of Breckenridge Hills, of his reasonable attorney's fees, non-taxable expenses, and costs.

### Prayer

**WHEREFORE**, Plaintiff prays for judgment in his favor on Count II and against Defendants, City of Charlack, City of St. Ann and City of Breckenridge Hills, for compensatory damages in such sum as shall fairly and justly compensate him; for his reasonable attorney's fees and non-taxable expenses; for costs; and for such other and further relief which the Court finds to be just and reasonable.

### Compensatory Damages

57.     Pursuant to 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against Defendants, City of Charlack, City of St. Ann and City of Breckenridge Hills.

### Attorney's Fees

58.     Pursuant to 42 U.C.S § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award from Defendants, City of Charlack, City of St. Ann and City of Breckenridge Hills, of his reasonable attorney's fees, non-taxable expenses, and costs.

### Prayer

**WHEREFORE**, Plaintiff prays for judgment in his favor on Count III pursuant to 42 U.S.C 1983 and 1988 against Defendants, City of Charlack, City of

City of St. Ann and City of Breckenridge Hills, for compensatory damages in such sum as shall fairly and justly compensate Plaintiff; for his reasonable attorney's fees and non-taxable expenses; for costs and for other and further relief which to this Court shall seem just and proper under the circumstances.

### SUPPLEMENTAL STATE CLAIMS

### Count III

### Assault and Battery

### For Compensatory Damages and Punitive Damages

### Plaintiff against Defendant Police Officers, and

### Compensatory Damages against Defendants

### City of Charlack, City of St. Ann and City of Breckenridge Hills

59.     Plaintiff incorporates all allegations of all prior paragraphs and restates the same by reference as if set forth herein in their entirety.

60.     Defendant police officers Calbreath, Hacker and Tyler, acting in concert with each other in kicking and beating Plaintiff in and about the face, back and body, while handcuffed and subdued while using excessive force, constitutes an assault and battery.

61.     All those actions taken by Defendant police officers were unlawful and unjustified.

FIRST AMENDED COMPLAINT

62.     Defendant police officers had the present ability and did injure Plaintiff and to complete the assault.

63.     Plaintiff sustained damages as a result of the assault and battery.

64.     Plaintiff is entitled to compensatory and punitive damages for assault and battery against Defendant police officers Calbreath, Hacker and Tyler.

### Prayer

**WHEREFORE**, Plaintiff prays for judgment in his favor on Count III of his complaint for assault and battery against Defendant police officers Louis, Calbreath, Jeffrey Hacker and Matthew Tyler in their individual capacity, for compensatory damages in such amount as shall fairly and justly compensate Plaintiff for his damages; for punitive damages against Defendant police officers, in such amount as shall serve to punish him and deter others similarly situated from such conduct in the future, and for costs; and for such other and further relief which shall seem just and proper to the Court.

FIRST AMENDED COMPLAINT

1

2

3    Dated:                           **Frankel, Rubin, Bond, Dubin, Siegel & Klein, PC**

4
                                      By:_____
5
                                           Greg S. Kessler
6
                                           MBE # 23366 MO
7
                                           231 South Bemiston, Suite 1111
8
                                           St. Louis, MO 63105
9
                                           Telephone: 314- 725-8000
10
                                           Facsimile: 314-726-5837
11
                                           E-mail: GSK47@aol.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on ___10/29___, 2012, the foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF Registrants:

**Rick Barry**

1750 South Brentwood, Suit 295

St. Louis, MO  63144

Telephone:  314-918-8900

Fax:  314-918-8901

E-mail:  rickbarry@rickbarrypc.com

**Elkin L. Kistner**

101 South Hanley Road, Suite 1280

St. Louis, MO  63105

Telephone:  314-571-6823

Fax:  314-727-9071

E-mail:  elkinkis@bick-kistner.com

Attorneys for Defendants City of Charlack and Louis Calbreath

Co Counsel for Defendant City of Charlack

**Sam J. Alton**

7733 Forsyth, Suite 500

St. Louis, MO  63105

Telephone 314-721-7011

E-mail:  salton@stonelayton.com

**Keith Cheung and Steven Garrett**

130 South Bemiston, Suite 200

St. Louis, MO  63105

Telephone 314-725-8788

E-mail:

Counsel for Defendants City of Breckenridge Hills and Matthew Tyler

Counsel for Defendants City of St. Ann and Jeffery Hacker

19

FIRST AMENDED COMPLAINT